IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 15, 2020 Session

**ROCKY JOE HOUSTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Roane County**
**No. 13226    Robert E. Lee Davies, Senior Judge**

———————————

**No. E2020-00342-CCA-R3-HC**

———————————

The Petitioner, Rocky Joe Houston, appeals from the Roane County Criminal Court's dismissal of his petition for the writ of habeas corpus from his 2010 conviction of felony evading arrest, for which he served a one-year sentence. On appeal, he contends that the habeas corpus court erred in dismissing his petition. Because the Petitioner failed to state a cognizable basis for relief, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Rocky Joe Houston, Ten Mile, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Russell Johnson, District Attorney General; for the appellee, State of Tennessee.

**OPINION**

The Petitioner's habeas corpus challenge relates to a conviction that is the subject of our opinion in *State v. Rocky Joe Houston*, No. E2011-01855-CCA-R3-CD, 2013 WL 500231 (Tenn. Crim. App. Feb. 11, 2013), *perm. app. denied* (Tenn. May 8, 2013). The Petitioner was convicted of both felony evading arrest and misdemeanor reckless endangerment. *Id.* He sought post-conviction relief from the convictions, which was denied on the basis that his petition was untimely. *Rocky Joe Houston v. State*, No. E2015-00717-CCA-R3-PC, 2015 WL 6600702 (Tenn. Crim. App. Oct. 30, 2015) (mem.), *perm. app. denied* (Tenn. Mar. 24, 2016). In the present case, he seeks the writ of habeas corpus only as to the evading arrest conviction.

In his petition, the Petitioner alleged that he was entitled to a writ of habeas corpus on the following bases:

(1) The special judge appointed to preside over the conviction proceedings and the attorney general pro tempore appointed to prosecute the case failed to comply with relevant statutory provisions regarding the taking of their respective oaths.

(2) The trial court lacked jurisdiction for the conviction proceedings due to the district attorney general's relinquishment of the prosecution to the attorney general pro tempore.

(3) The prosecution was barred by the statute of limitations.

(4) Special judges assigned to the conviction proceedings committed fraud upon the court by entering void orders relative to the appointment and withdrawal of counsel, resulting in the Petitioner's being denied his right to counsel.

The Petitioner alleged, as well, that he was unlawfully restrained of his liberty because his Tennessee felony evading arrest conviction was used as a predicate offense for a federal conviction for being a convicted felon in possession of a firearm.

The habeas corpus court found that the Petitioner failed to state a cognizable claim for relief "because nothing on the face of the judgment indicates the challenged conviction is void." The court dismissed the petition. This appeal followed.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2018); *see Vaughn v. State*, 202

S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

On appeal, the Petitioner contends that he is entitled to relief because various judicial officers allegedly committed criminal acts and other ultra vires acts during the conviction proceedings, the effects of which rendered the conviction void. He asks this court to vacate his conviction and to request an investigation by the United States Attorney General of the officials' allegedly illegal and ultra vires acts in the conviction proceedings. The State responds that the habeas corpus court properly dismissed the petition because the Petitioner failed to state a cognizable claim. We agree with the State.

We note, first, that the Petitioner received a one-year sentence for his conviction in 2010. Thus, his sentence has expired, and he is not restrained of his liberty as a result of the conviction. *See* T.C.A. § 29-21-101; *Tucker*, 335 S.W.3d at 119-20. In addition, nothing in the Petitioner's allegations identifies a basis upon which his judgment is void upon its face. Complaints about alleged irregularities in the conviction proceedings are not appropriate bases for habeas corpus relief in that they require proof beyond the record to show the invalidity of the conviction. *Hickman v. State*, 153 S.W.3d 16, 24 (Tenn. 2004). In other words, such irregularities result in a conviction that is voidable, not void. *See id.* The habeas corpus court did not err in dismissing the petition.

After the Petitioner filed his appellate brief and reply brief, he filed motions to disqualify Court of Criminal Appeals Judge D. Kelly Thomas, Jr., Attorney General Herbert H. Slatery III, and Assistant Attorney General Garrett D. Ward from these proceedings. Relative to the motion related to Judge Thomas, the Petitioner recited Judge Thomas's previous involvement as a trial court judge in prior proceedings involving the Petitioner. The Petitioner noted that a Court of Criminal Appeals docket forwarded to him by the clerk of this court relative to the present case listed Judge Thomas, who now sits on the Court of Criminal Appeals, as one of the judges assigned to the docket. Before the Petitioner filed his motion, his case had been removed from the original docket and had been placed upon a subsequent docket to which Judge Thomas was not assigned. Judge Thomas has not participated in the disposition of the present case. The Petitioner's motion is, therefore, denied as moot.

With regard to the Petitioner's motion to recuse the Attorney General and Assistant Attorney General, we note that this is the Petitioner's second such motion in this appeal. This court denied his previous motion to disqualify these officials. In the present motion, he has reiterated the same allegations as in the previous motion. The motion is denied.

After oral argument, the Petitioner filed a motion for the panel assigned to this case to report to federal authorities the alleged federal crimes of various judicial officials involved in prior proceedings involving the Petitioner. The Petitioner's factual allegations related to these alleged crimes were raised in his habeas corpus petition and in his appellate brief and reply brief. As we have stated, the Petitioner has not raised a cognizable habeas corpus claim. To the extent that he desires an investigation by federal authorities of State of Tennessee officials, a habeas corpus proceeding is not the appropriate avenue for redress of his allegations. The motion is denied.

In consideration of the foregoing and the record as a whole, the judgment of the habeas corpus court is affirmed. The Petitioner's motion to disqualify Judge Thomas is denied. The motion to disqualify the Attorney General and the Assistant Attorney General is denied. The motion for this panel to report alleged federal crimes to federal authorities is denied.

_____
ROBERT H. MONTGOMERY, JR., JUDGE